I must respectfully dissent. I believe that the officer did not have reasonable suspicion to stop appellant. The United States Supreme Court has directly addressed the question of whether an anonymous tip may furnish reasonable suspicion for a stop in Alabama v. White (1990), 496 U.S. 325, 110 S.Ct. 2412. The court found that "if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." Alabama, 496 U.S. at 330, 110 S.Ct. at 2416.
The court reasoned in Alabama that it was a "close case" and that the anonymous tip as corroborated exhibited sufficient indicia or reliability to justify the investigatory stop of the defendant's car. Id. at 332, 110 S.Ct. at 2417. When comparing the facts of Alabama with the present case, it is clear that appellant was unjustifiably stopped. The anonymous tip in Alabama stated that:
 Vanessa White would be leaving 235-C Lynood Terrace Apartments at a particular time in a brown Plymouth station wagon with the right taillight lens broken, that she would be going to Dobey's Motel, and that she would be in possession of about an ounce of cocaine inside a brown attache case.
Id. at 327, 110 S.Ct. at 2414.
In the present case, the anonymous tip stated that an intoxicated patron was causing a disturbance at the Back Porch Saloon. The person giving the tip did not tell the police the patron's name, did not describe the patron, or what the patron's vehicle looked like.
In Alabama, the anonymous tip was corroborated by the officers observing a woman leaving the specified building and getting into a vehicle matching the description given by the caller. Id. at 331, 110 S.Ct. at 2416-2417. The woman's departure from the building coincided with the caller's time frame, and the officers stopped the woman just short of Dobey's Motel after following her for four miles. Id. In the present case, the anonymous tip was corroborated by an unknown person, who the officer assumed was an employee of the Back Porch Saloon, pointing at appellant's vehicle. If the facts of Alabama were considered by the United States Supreme Court as a "close case," the facts of the present case definitely show that the officer did not have reasonable suspicion.